165 So. 403

### MAY v. STATE.

### 3 Div. 776.

Court of Appeals of Alabama.

Jan. 21, 1936.

Sentell & Sentell, of Luverne, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, Judge.

The indictment under which defendant was convicted is as follows: "The Grand Jury of said County charge that before the finding of this indictment Edd May whose name to the Grand Jury is otherwise unknown, while driving a mo-

tor vehicle on a public highway, was involved in an accident resulting in injury to Carlton Rogers and failed to stop such motor vehicle at the scene of such accident and failed to give his name and address and the registration license number of his motor vehicle and failed to render to such injured person reasonable assistance and failed to carry such injured person to a physician or surgeon for medical or surgical treatment although it was apparent that such treatment was necessary, as required by law, against the peace and dignity of the State of Alabama."

The indictment as drawn charges an offense under section 76, Gen.Acts 1927, pp. 348, 376, which reads as follows:

"Section 76. *Duty to Stop in Event of Accident.*

"(a) The driver of any vehicle involved in an accident resulting in injury or death to any person or resulting in the damage to property, shall immediately stop such vehicle at the scene of such accident.

"(b) The driver of any vehicle involved in an accident resulting in injury or death to any person or damage to property shall also give his name and address, and the registration license number of his vehicle and shall render to any person injured in such accident reasonable assistance, including the carrying of such person injured to a physician or surgeon for medical or surgical treatment if it is apparent that such treatment is necessary or is requested by such injured person.

"(c) Every person convicted of violating this section, relative to the duty to stop in the event of accidents shall be punished by imprisonment in the county or municipal jail for not less than thirty days nor more than one year or in the state prison for not less than one nor more than five years or by fine of not less than one hundred dollars nor more than five thousand dollars or by both such fine and imprisonment. The court shall revoke the permit or license of the person so convicted."

The sole issue in the case was as to whether defendant was the driver of the truck which collided with an automobile on which Carlton Rogers, the injured party, was riding and from which he was thrown and injured.

The defendant offered to prove the general good character of defendant for being a competent and careful driver of automobiles. The state objected, the court sustained the several objections, and the defendant excepted. It is the general rule that a defendant may give evidence of his general good character in regard to traits of character involved in the nature of the charges against him. Wharton's Crime Evidence (11th Ed.) vol. 1, § 331, p. 460.

The question here involved is not as to fault on the part of defendant in having a collision with the car on which Rogers was riding. No matter where the fault was, if the collision took place, it was the duty of defendant under the statute to do certain things and, failing to do these things, he was guilty, no matter what his reputation for being a careful driver was.

If, as defendant contends, there was no collision, his reputation for being a careful driver would not aid him in proving that fact.

We find no error in the record, and the judgment is affirmed.

Affirmed.